UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE LOPEZ, et al.,<br><br>Defendants. | No. 1:19-cr-00014-DAD-BAM<br><br>ORDER DENYING DEFENDANT'S MOTION TO DISMISS<br><br>(Doc. Nos. 62–65, 67) |

This matter is before the court on defendant Enrique Lopez's motion to dismiss count three of the superseding indictment.[1] Defendants Robledo, Bravo, Lemus, and Zavala joined in the motion. (Doc. Nos. 66–69.) A hearing was held on May 6, 2019 at which counsel for all parties appeared. Having considered the parties' briefing, and having heard from counsel, the court will deny defendants' motion.

**BACKGROUND**

On May 2, 2019, the grand jury returned a superseding indictment in this case. (Doc. No. 77.) The superseding indictment charges defendants with: (1) conspiracy to commit armed bank

---

[1] Defendant Lopez's motion was filed prior to the return of the superseding indictment of this case. (Doc. No. 77.) However, at the hearing, the parties agreed that the arguments raised in defendant Lopez's memorandum in support of the motion are just as applicable to count three as alleged in the superseding indictment as they were to the original indictment. Accordingly, the court will construe the motion as a motion to dismiss count three of the superseding indictment.

1

robbery in violation of 18 U.S.C. §§ 371 and 2113(a); (2) attempted armed bank robbery in violation of 18 U.S.C. § 2113(a); and (3) carrying a firearm during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c)(1)(A). (*Id.*) These charges stem from events that allegedly occurred on November 16, 2018. (*Id.* at ¶ 2.) On that date, defendants met an apartment complex in Modesto, California, and proceeded to drive in four separate vehicles (including a stolen Nissan Altima) from the apartment complex to a shopping area in Modesto where branches of Wells Fargo Bank, Umpqua Bank, and Chase Bank were located. (*Id.* at ¶¶ 2–3.) When the defendants arrived at the shopping area, the vehicles split up. (*Id.* at ¶ 4.) Defendant Zavala parked his vehicle a short distance from a bank, while defendant Lemus acted as a lookout, driving back and forth in front of the banks and talking on the phone to his coconspirators. (*Id.*) The remaining defendants drove to an alley, where Lopez began loading items into the stolen Nissan. (*Id.* at 5.) Defendant Bravo started driving the stolen Nissan towards the Umpqua and Chase banks when he was stopped. (*Id.* at 6.) Inside the Nissan vehicle were found two semiautomatic rifles, two handguns, masks, gloves, and a duffel bag. (*Id.*)

On March 26, 2019, defendant Lopez filed the instant motion to dismiss the charge of violating 18 U.S.C. § 924(c)(1)(A) as alleged in count three and thereafter supplemented the arguments made therein. (Doc. Nos. 62–65.) The other defendants joined in that motion. (Doc. Nos. 66–69.) The government filed an opposition on April 11, 2019. (Doc. No. 74.) Lopez filed a reply on April 16, 2019, and a sur-reply on April 19, 2019. (Doc. Nos. 75–76.)

**ANALYSIS**

Defendants argue that count three of the superseding indictment must be dismissed. As noted, in that count the defendants are charged with carrying a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant contends that attempted armed bank robbery under 18 U.S.C. § 2113(a) is not a crime of violence under 18 U.S.C. § 924(c)(3)(B), and that count three must therefore be dismissed.

The Ninth Circuit has held that armed bank robbery under § 2113(a) is categorically a crime of violence under 18 U.S.C. § 924(c). *United States v. Watson*, 881 F.3d 782, 783–84 (9th Cir.), *cert. denied*, ___ U.S. ___, 139 S. Ct. 203 (2018). Although the Ninth Circuit has not

addressed whether *attempted* armed bank robbery, as charged in this case, is also a crime of violence, the Seventh Circuit has. *See United States v. Armour*, 840 F.3d 904, 907 (7th Cir. 2016), *as amended* (June 26, 2017). The government argues that this court should adopt the holding in *Armour*, find that defendants are properly charged with violating § 924(c) and deny their motion to dismiss. Defendants respond by contending that a circuit split exists on the issue presented by their motion and that this court is foreclosed from adopting the holding in *Armour* because the Ninth Circuit has defined the elements of the offense of attempted armed bank robbery differently than the Seventh Circuit. (Doc. No. 75 at 1–3.)

Defendants are correct that a circuit split exists with respect to what the government must prove in order to convict a defendant of attempted armed bank robbery under § 2113(a). In the Ninth Circuit, a defendant satisfies the *actus reus* requirement that offense where "the defendant intended to use force, violence or intimidation and made a substantial step toward consummating the robbery." *United States v. Moore*, 921 F.2d 207, 209 (9th Cir. 1990). In other words, in this circuit conviction under § 2113(a) for attempted armed bank robbery "does not require the actual use of force, violence or intimidation." *Id.* The Seventh Circuit has considered and rejected this rule, holding instead that "actual force and violence or intimidation is required for a conviction under the first paragraph of § 2113(a), whether the defendant succeeds (takes) or fails (attempts to take) in his robbery attempt." *United States v. Thornton*, 539 F.3d 741, 747 (7th Cir. 2008) (citing *Moore*, 921 F.2d at 209).

Relying on this circuit split, defendants argue that because the Ninth Circuit does not require the government to prove the actual use of force in order to secure a conviction for attempted armed bank robbery, that offense cannot constitute a crime of violence. (Doc. No. 75 at 2–3.) This argument has some initial appeal—after all, where an individual has not actually applied physical force to the person of another, his conduct would not generally be described as "violent." *See Leocal v. Ashcroft*, 543 U.S. 1, 11 (2004) (noting that the "ordinary meaning" of the term crime of violence "suggests a category of violent, active crimes"). Moreover, because "[a]n offense is categorically a crime of violence only if the least violent form of the offense qualifies as a crime of violence," the court must seriously consider defendants' contention that

3

attempted armed bank robbery cannot be a crime of violence in the Ninth Circuit, where that crime is fully accomplished even in the absence of the actual use of force. *See Watson*, 881 F.3d at 784 (citing *Moncrieffe v. Holder*, 569 U.S. 184, 190–91 (2013)). After giving defendants' argument in this regard full consideration, however, the court finds that it must be rejected based upon the language of § 924(c) itself.

Title 18 U.S.C. § 924(c)(3) defines a crime of violence as any felony that "has as an element the use, *attempted use*, or threatened use of physical force against the person or property of another." (emphasis added). Although the Ninth Circuit has not addressed this language, every circuit and district court to do so appears to have concluded that in light of this statutory language, where a particular substantive offense is a crime of violence under § 924(c), the attempted commission of that same offense also amounts to a crime of violence. *See United States v. St. Hubert*, 909 F.3d 335, 352 (11th Cir. 2018) ("Like completed Hobbs Act robbery, attempted Hobbs Act robbery qualifies as a crime of violence under § 924(c)(3)(A)'s use-of-force clause because that clause expressly includes 'attempted use' of force."); *Ovalles v. United States*, 905 F.3d 1300, 1306 (11th Cir. 2018) ("Even assuming that the substantial step itself in an attempted carjacking offense falls short of actual or threatened violence, we also conclude that because a completed carjacking qualifies as a crime of violence, an attempt to commit that violent offense constitutes a crime of violence too."), *petition for cert. filed*, No. 18-8393 (U.S. Mar. 12, 2019); *United States v. Rinker*, 746 Fed. App'x 769, 772 (10th Cir. 2018)[2] ("[W]e have previously held that armed bank robbery requires as an element the use, attempted use, or threatened use of physical force. So even if Mr. Rinker had been convicted of attempted armed bank robbery, he would necessarily have attempted to use physical force, triggering § 924(c)'s elements clause.") (footnotes omitted); *Morris v. United States*, 827 F.3d 696, 699 (7th Cir. 2016) (Hamilton, J., concurring) ("If the completed crime has as an element the actual use, attempted use, or threatened use of physical force against the person or property of another, then attempt to commit the crime necessarily includes an attempt to use or to threaten use of physical force

---

[2] Citation to this unpublished opinion is appropriate pursuant to Federal Rule of Appellate Procedure 32.1.

4

against the person or property of another."); *United States v. Johnson*, No. 2:12-cr-00336-JAD-CWH, 2018 WL 3518448, at *4 (D. Nev. July 19, 2018) ("Because completed Hobbs Act robbery categorically qualifies as a crime of violence under § 924(c)'s force clause, attempted Hobbs Act robbery also qualifies as a crime of violence, as the force clause encompasses the attempted or threatened use of force."); *United States v. Baires-Reyes*, 191 F. Supp. 3d 1046, 1050–51 (N.D. Cal. 2016) ("Attempted Hobbs Act robbery would in fact qualify as a crime of violence because the force clause [of § 924(c)] *explicitly* encompasses attempted use of physical force"); *cf. Hill v. United States*, 877 F.3d 717, 719 (7th Cir. 2017) (holding, under a different subsection of § 924, that "[w]hen a substantive offense would be a violent felony under § 924(e) and similar statutes, an attempt to commit that offense also is a violent felony"), *cert. denied*, ___ U.S. ___, 139 S. Ct. 352 (2018).

It is a "cardinal principle of interpretation that courts must give effect, if possible, to every clause and word of a statute." *Loughrin v. United States*, 573 U.S. 351, 358 (2014) (internal quotation marks omitted). In the undersigned's view, if the phrase "attempted use" within § 924(c) is to have meaning, it must mean that where the substantive offense is itself a crime of violence under § 924(c), the attempted commission of that crime is necessarily also a crime of violence. In this respect, the court finds the line of cases cited above to be compelling and persuasive.

The only remaining question, therefore, is whether the substantive offense of armed bank robbery is a crime of violence under § 924(c). The Ninth Circuit answered this question in the affirmative in *Watson* and this court is bound by that holding. *Watson*, 881 F.3d at 783–84. Because armed bank robbery is a crime of violence, attempted armed bank robbery is as well. Moreover, because the court finds that attempted armed bank robbery is a crime of violence under § 924(c)(3)(A), it need not address the parties' alternative arguments regarding whether it is also a crime of violence under subsection (B), the so-called "residual clause." *See United States v. Gutierrez*, 876 F.3d 1254, 1256 (9th Cir. 2017) ("Because we conclude that carjacking constitutes a crime of violence under the force clause, we have no need to address the residual clause."), *cert. denied*, ___ U.S. ___, 138 S. Ct. 1602 (2018).

For the reasons explained above, defendants' motion to dismiss count three of the indictment and other associated motions (Doc. Nos. 62–65, 67), are therefore denied.

IT IS SO ORDERED.

Dated: **May 10, 2019**

*Dale A. Drozd*
UNITED STATES DISTRICT JUDGE