UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATED OF AMERICA, | Case No. 1:19-CR-0014 DAD BAM |
| Plaintiff, | ORDER DENYING REQUEST FOR DISCOVERY OF PROFFER EVIDENCE |
| v. | |
| ENRIQUE LOPEZ, | ECF No. 102 |
| Defendant. | |

/

Defendant Enrique Lopez ("Defendant") is charged by superseding indictment with conspiracy to commit armed bank robbery in Count One, attempted armed bank robbery in Count Two, and carrying a firearm during and in relation to a crime of violence in Count Three. (Doc. 77.)

A. **The Discovery Request**

On August 16, 2019, Defendant Lopez filed a motion for discovery, which was sealed by the court because of the reference to a cooperating witness. (Doc. 88.) As relevant to this order, the motion sought:

> Notes of investigators and prosecutors, in this district or elsewhere, concerning the debriefing(s) of the cooperating person concerning reasons why any bank robbery may or would not have proceeded at the time of the cooperating person's and co-defendants' arrests in this case included but not limited to:
>
> A. Others were not finished gathering information or with surveillance, and
> B. Further action would not have taken place without the cell phone scrambler, which had been left behind, according to a law enforcement report.

At oral argument on the motion held on September 23, 2019, and upon questioning by the

1

court, Defendant indicated that what he was seeking to discover was the arrangement and proffer made by the cooperator's attorney to the government.  The court granted defendant an opportunity to file relevant authority and granted the government an opportunity to respond. Defendant filed his Supplemental Points and Authorities on September 25, 2019.  (Doc. 102.) The government filed its Supplemental Opposition on October 28, 2019.  (Doc. 103.) The motion was submitted on these pleadings.

## B. Parties' Arguments

In Defendant's Supplemental Brief, Defendant contends the proffer by the cooperator's attorney is exculpatory evidence which should be produced under *Brady*.  Defendant seeks the information so that Defendant may evaluate the government's recent plea offer agreement:

> "The cooperating witness is the only person the government can call to dispute defendant's claim that no attempted bank robbery was taking place at the time of his [defendant's] arrest.  In order to assist the defendant in evaluating the government's plea offer, the defense needs the requested discovery now."

(Doc. 102, Supplemental Brief p.3.)  Defendant asks the court to require the government to produce proffers made to the government by the cooperating witness or his counsel leading to the agreement to cooperate, including information about the negotiations.  In addition to *Brady,* Defendant cites *United States v. Sudikoff*, 36 F.Supp.2d 1196 (C.C. Cal. 1999) for the proposition that such proffers may be produced.

In its supplemental brief, the government contends that Defendant is not entitled to witness statements that do not contain exculpatory information or information material to preparing his defense.  What Defendant is seeking is information about a witness' statement to evaluate the plea offer, not exculpatory information.  Such statements are governed by the Jencks Act.  Further, Defendant is not entitled to seeking attorney non-exculpatory proffered information. Finally, Defendant is not entitled to impeachment material about potential government witnesses so that Defendant can evaluate the plea offer.

////

**C. Analysis**

The main case Defendant relies on is *United States v. Sudikoff*. In *Sudikoff*, the defense sought the release of communications between an accomplice who agreed to testify and the government, including materials relating to proffer sessions. *Sudikoff*, 36 F.Supp.2d at 1197. In support of his request, defendant alleged that the accomplice had "proffered various versions of his testimony during the period leading up to his immunity agreement" and argued that the "different versions were relevant to the witness's credibility and motive to implicate him." *Id.* at 1198. The court held that any variations in an accomplice witness's proposed testimony could be considered favorable to the defense and the existence of such differences should be disclosed under *Brady*.

In Defendant's case, Defendant seeks the proffer to assist in the evaluation of a plea offer. *See U.S. v. Ruiz*, 122 S. Ct. 2450 (2002) (federal prosecutors are not required to disclose impeachment information relating to informants or other witnesses before entering into a binding plea agreement with a criminal defendant.) Defendant does not argue that the proffer is exculpatory based on the variations in the cooperator's negotiations, as the proffer was in *Sudikoff*. Instead, Defendant here contends the proffer is needed to assist in Defendant's own plea negotiations. "In order to assist the defendant in evaluating the government's plea offer, the defense needs the requested discovery now." (Doc. 102 p.3.)

The proffer is not needed because it is exculpatory or because it is impeachment. Defendant has requested the proffer because "[t]he cooperating witness is the only person the government can call to dispute defendant's claim that no attempted bank rubbery was taking place at the time of his [defendant's] arrest" The cooperating witness' proffer statements is not exculpatory, it is **in**culpating because the cooperator will <u>dispute</u> Defendant's version of events. In short, the Defendant wants to see the evidence against him so he can evaluate whether to take the government's deal.

The court agrees with the government that to the extent the statements Defendant seeks

are not exculpatory, the statements are covered by the Jencks Act. The Jencks Act permits

disclosure of witness statements and reports in a criminal case. See 18 U.S.C. § 3500. "After a

witness called by the United States has testified on direct examination, the court shall, on

motion of the defendant, order the United States to produce any statement … of the witness in

the possession of the United States which relates to the subject matter as to which the witness

has testified." *Id.* at § 3500(b). The statement by the cooperating witness is not discoverable

until, at the latest, the witness has testified.

To the extent Defendant is seeking the disclosure of an attorney proffer, this purported

proffer is not exculpatory. As concluded above, any statement by the "person the government

can call to dispute defendant's claim that [there was] no attempted bank robbery" is not

exculpatory.

Further, the purported attorney proffer does not fall within the boundaries of Rule 16.

Upon a defendant's request, Federal Rule of Criminal Procedure 16 requires the government

disclose the following evidence within its possession, custody or control,

and known to exist through due diligence:

(1) the substance of any oral statement made by the defendant, before or after

arrest, in response to interrogation by a person the defendant knew was a government

agent;

(2) any relevant written or recorded statement by defendant;

(3) defendant's prior criminal record;

(4) any material documents and objects that the government intends to in its casein-

chief, or was obtained from or belongs to the defendant;

(5) reports resulting from any physical or mental examinations and tests;

(6) written summary of any expert testimony that the government intends to use

in its case-in-chief.

A purported attorney proffer of what the client will testify to, if not exculpatory, is not

4

discoverable under Rule 16.

**D. Conclusion and Order**

For the reasons stated above, Defendant's motion for disclosure of proffer evidence is

DENIED.


IT IS SO ORDERED.


Dated:   **November 13, 2019**               /s/ *Barbara A. McAuliffe*      _
                                        UNITED STATES MAGISTRATE JUDGE